**In re BLUE POINT CARPET, INC., Debtor.**

**Robert L. PRYOR, as Trustee, Plaintiff,**

v.

**The CONTINENTAL INSURANCE CO., Defendant.**

Bankruptcy No. 086–60153–21.
Adv. No. 087–0099–21.

United States Bankruptcy Court,
E.D. New York.

May 2, 1988.

See also, Bkrtcy., 86 B.R. 327.

Abraham, Silver & Rosenberg, New York City by Jacob Abraham, for Trustee.

Whitman & Ransom, Esqs., New York City by Norman N. Kinel, for Continental Insurance Co.

## MEMORANDUM

CECELIA H. GOETZ, Bankruptcy Judge:

In this adversary proceeding brought by the Chapter 7 Trustee, the Continental Insurance Company ("Continental" or "defendant") has filed a single motion in which it seeks to have the District Court withdraw the reference of this proceeding to the Bankruptcy Court and also to abstain from hearing the matter leaving its resolution to the state courts. The motion was filed with the Bankruptcy Court, but was made returnable in the District Court. This is appropriate insofar as Continental

seeks to have the matter withdrawn from the Bankruptcy Court, but it is not the appropriate procedure insofar as abstention is concerned.

Title 28 vests the District Court with jurisdiction over bankruptcy cases. *See* 28 U.S.C. § 1334(a), (b). It also provides that the U.S. District Court may abstain from hearing a bankruptcy proceeding in the interest of comity with state courts and must abstain upon the occurrence of certain enumerated circumstances. *See* 28 U.S.C. § 1334(c). Title 28 also provides that the District Court may refer any or all bankruptcy cases or proceedings to the bankruptcy judges for the district. *See* 28 U.S. C. § 157(a). The District Court may withdraw in whole or in part any case or proceeding referred to the Bankruptcy Court. *See* 28 U.S.C. § 157(d).

Although the Bankruptcy Code is silent with respect to the procedure for withdrawal or abstention, the Bankruptcy Rules of Procedure provide that the motion for withdrawal must be heard by a District Judge. Bankruptcy Rule 5011(a). The Bankruptcy Judge may not even conduct a hearing on such a motion. Advisory Committee Note to Bankruptcy Rule 5011 (1987).

█ A different rule applies, however, with respect to abstention. Unless a District Court orders otherwise, a motion for abstention must first be heard by the Bankruptcy Judge, who files a report and recommendation for its disposition with the District Court. Review of the Bankruptcy Court recommendation is governed by Bankruptcy Rule 9033. *See* Bankruptcy Rule 5011(b). Rule 9033 provides, *inter alia,* that the District Court shall perform a *de novo* review of the Bankruptcy Judge's findings of fact or conclusions of law. *See* Bankruptcy Rule 9033(d). While the filing of a motion for withdrawal or abstention does not stay the administration of the case or any proceeding, the Bankruptcy Judge may order such stay pursuant to appropriate terms and conditions. *See* B.R. 5011(c).

Pursuant to Bankruptcy Rule 5005(a), motions for either withdrawal or abstention are to be filed initially with the Clerk of the Bankruptcy Court. The manner by which motions for withdrawal are to be forwarded to the District Court is to be established by administrative procedure. *See* Advisory Committee Note to Bankruptcy Rule 5011 (1987). No such procedure has as yet been established for this District.

Insofar as Continental is seeking withdrawal of the reference to the Bankruptcy Court, the motion is being forwarded immediately to the District Court for appropriate action. Insofar as the motion requests abstention, this Court cannot forward the motion until it has had an opportunity to make a recommendation which it cannot do until both sides have had an opportunity to be heard. This has not as yet occurred because the motion papers fixed no hearing date. To cure this deficiency, the Court itself is setting down a hearing on the motion to abstain before the undersigned for May 12, 1988. This Court will then promptly forward its recommendation with respect to abstention to the District Court pursuant to Bankruptcy Rule 5011(b).

With the consent of the parties, this Court has stayed this adversary proceeding pending final resolution of both abstention and withdrawal questions. It also, in a motion filed contemporaneously with the present motion, has ruled that the subject matter of the adversary proceeding is non-core. (Its Opinion is annexed hereto.)

█ The defendant has requested a jury trial. In a non-core case, the Court cannot hold a jury trial. *Adams, Browning & Bates, Ltd,* 70 B.R. 490, 497 (Bankr.E.D.N. Y.1987). Accordingly, withdrawal of the reference by the District Court appears likely.